# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN RAY DYNES, | ) | 1:07-cv-01739-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DISMISS PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| | ) | (Doc. 1) |
| SUPERIOR COURT OF KERN COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 29, 2007, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

Petitioner, who at the time of filing the instant petition, was incarcerated at the California Correctional Institution, Tehachapi, California, for a conviction in the Fresno County Superior Court for second-degree burglary, alleges, as his grounds for relief, that Respondent Kern County Superior Court (the "Superior Court") unlawfully refused to grant him indigent status and thereby waive filing fees for a small claims suit he wished to file against California correctional officers Juan Medina and David Williams for alleged use of excessive force on Petitioner on September 20, 2006, resulting in damages and pain and suffering in the amount of $7,500.  (Doc. 1, p. 5; 16).

This action is not the first time that Petitioner has filed a case in this Court pertaining to the same alleged incidents.  On November 1, 2007, Petitioner filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in case number 07-cv-1599 AWI TAG.  In that case, Petitioner

alleged that the Superior Court violated his civil rights when it denied his request for a fee waiver in a small claims case that he intended to file against correctional officers Medina and Williams for alleged excessive use of force on September 20, 2006. (See Doc. 1, case no. 07-1599 AWI TAG). In the instant habeas case, Petitioner again alleges that the Superior Court wrongfully denied him a fee waiver that would have allowed him to sue correctional officers Medina and Williams for the same alleged excessive use of force. (Doc. 1, pp. 5, 9, 15-20).

Petitioner also has a § 1983 action pending in this Court. On August 29, 2007, Petitioner filed a civil rights complaint in the United States District Court for the Central District of California, which was subsequently transferred to this Court and filed on September 17, 2007 and assigned case number 07-1359 LJO WMW. In that case, Petitioner alleges that on September 20, 2006, while he was incarcerated, correctional officers Williams and Medina used excessive force which caused him great bodily harm. (See Doc. 2, case no. 07-cv-1359 LJO WMW).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting Preiser v. Rodriguez, 411 U.S. 475, 485, 93. S.Ct. 1827 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The United States Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody...." Preiser, 411 U.S. at 484. Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was

1  contrary to, or involved an unreasonable application of, clearly established Federal law, as
2  determined by the Supreme Court of the United States; or resulted in a decision that was based
3  on an unreasonable determination of the facts in light of the evidence presented in the state court
4  proceedings.  28 U.S.C. § 2254(d)(1), (2).  Accordingly, the only ultimate relief a habeas court
5  can grant a petitioner is release from confinement.  See Crawford v. Bell, 599 F.2d 890, 891-892
6  (9th Cir. 1979).
7       In this case, Petitioner complains that a state court refused to waive filing fees for a small
8  claims case that Petitioner intended to file against state correctional officers for unlawful use of
9  force.  Thus, Petitioner is not alleging that "he is in custody in violation of the Constitution . . . ."
10 28 U.S.C. § 2254(a).  Nor is he challenging in any way the "legality or duration" of his
11 confinement.  Badea, 931 F.2d at 574.  Thus, even if Petitioner's claims are true, he would not be
12 entitled to habeas corpus relief, i.e., release from confinement, and therefore the instant petition
13 must be dismissed.

## RECOMMENDATIONS

15      Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc.
16 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to
17 habeas corpus relief.
18      These Findings and Recommendations are is submitted to the United States District
19 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
20 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
21 California.  Within twenty (20) days after being served with a copy, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review
24 the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections
25 ///
26 ///
27 ///
28 ///

within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 18, 2008**                                             **/s/ Theresa A. Goldner**
                                                                        UNITED STATES MAGISTRATE JUDGE